**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DANIEL PARKER, | |
| *Plaintiff*, | Case No. 1:22-cv-00281 |
| v. | Honorable John J. Tharp, Jr. |
| EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC, | Magistrate Judge Sunil R. Harjani |
| *Defendants*. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**BRIEF IN SUPPORT OF MOTION TO SHOW CAUSE**

On November 3, 2022, two months before the close of discovery, Plaintiff amended his initial disclosures to identify a previously undisclosed witness, Maggie Nadeau, a consumer who shares Plaintiff's attorney and previously sued Experian under the Fair Credit Reporting Act in Minnesota. By way of a validly served subpoena, Experian spent the next two months attempting to take Ms. Nadeau's deposition to determine what she knows about Plaintiff's claims. Despite its efforts, discovery is now closed, and Experian has been unable to obtain her testimony. A date was set for her deposition, to take place in Minneapolis, twice. The first deposition she cancelled at the last minute due to weather concerns. Then, after counsel for Experian had already flown into Minneapolis to take her deposition, Ms. Nadeau failed to appear for her rescheduled deposition on January 13, 2023—a date Ms. Nadeau herself had proposed and which the Court expressly ordered the parties to adhere to.

Experian's inability to take Ms. Nadeau's deposition is particularly vexing because she knows nothing about Plaintiff Daniel Parker or his claims against Experian. Remarkably, Plaintiff testified at his deposition that he does not know who Ms. Nadeau is or why he identified her as a

witness in this case.  Plaintiff subsequently withdrew Ms. Nadeau as a witness, advising that she was being called "only" as a rebuttal witness and should not have been disclosed in the first place. But this came only after Experian had incurred significant time and expense seeking to take Ms. Nadeau's deposition and conferred with Plaintiff regarding its planned motion to strike.

This sort of frivolous and wasteful discovery conduct has no place in federal court. Experian requests that the Court require Plaintiff and/or his attorneys to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 37 or, alternatively, under 28 U.S.C. § 1927, for frivolously designating Ms. Nadeau as a fact witness, and required to pay Experian's reasonable costs, fees, and expenses.

## FACTUAL BACKGROUND

Plaintiff Daniel Parker commenced this action on January 18, 2022, accusing the three national consumer reporting agencies, Experian, Trans Union, and Equifax, of violating the Fair Credit Reporting Act ("FCRA") by not reporting that his $780 debt with Fig Loans—on which he never missed a payment and which was reporting positively on his credit report—had been discharged in his Chapter 7 bankruptcy.  On November 3, 2022, after this case had been pending for 10 months and with two months remaining in discovery, Plaintiff amended his initial disclosures to identify an additional fact witness, Maggie Nadeau, who was being called "to authenticate her credit reports and dispute letters" and "discuss specific tradelines that [Experian] failed to update as included in or discharged in bankruptcy."  Nicholson Decl. Ex. A, Plaintiff's Supplemental Rule 26 Disclosure.

Ms. Nadeau was a plaintiff in prior litigation filed against Experian in 2020 in which she was represented by Plaintiff's counsel.  In that lawsuit, Ms. Nadeau claimed, among other things, that Experian had failed to update its reporting of a delinquent, pre-bankruptcy credit card she had with Heartland Credit Union in response to her dispute notifying Experian that the debt was

discharged.  In fact, the dispute letter Experian received from Ms. Nadeau took issue with an entirely different Heartland Credit Union credit card from the one she sued over, but Experian nevertheless agreed to voluntarily resolve Ms. Nadeau's lawsuit early in discovery and prior to taking depositions.  Since the resolution of Ms. Nadeau's lawsuit, nearly two dozen consumers represented by Plaintiff's counsel have disclosed Ms. Nadeau as a fact witness.  Nicholson Decl. ¶ 3.

On November 16, 2022, after Plaintiff identified Ms. Nadeau as a witness in this case, Experian served Ms. Nadeau with a deposition subpoena through Plaintiff's counsel, who confirmed his continuing representation of Ms. Nadeau.  Nicholson Decl. ¶ 4.  After conferring with Ms. Nadeau's counsel, Experian amended its subpoena to order the deposition be taken on an agreed date of December 16, 2022 in Minneapolis, near Ms. Nadeau's residence.  *Id.* ¶ 4.  The afternoon before the deposition, however, Ms. Nadeau's counsel contacted Experian to request postponement of the deposition due to the weather forecast.  *Id.* ¶ 5.  Experian believed the deposition could proceed safely as scheduled given the modest anticipated snowfall and afternoon start time but agreed to reschedule after Ms. Nadeau said she would otherwise move for a protective order.  *Id.* ¶ 5.[1]

Ms. Nadeau proposed rescheduling the deposition for January 13, 2023.  Nicholson Decl. ¶ 6.  Experian agreed to that date, subject to Court approval given that the deposition would be taken out of time.  *Id.* ¶ 6.  On January 9, 2023, the Court granted its approval but ordered that the "parties are . . . to adhere to" the January 13 deposition date.  Doc. 90, Minute Order.  Despite this, on the afternoon before the rescheduled deposition, and shortly before Experian's counsel's flight touched down in Minneapolis, Ms. Nadeau's counsel notified Experian that she would not attend

---

[1] On the morning of December 16, 2022, roads in the Minneapolis area were clear, and Minneapolis schools and courts were in operation.  Nicholson Decl. ¶ 5.

the deposition.  Nicholson Decl. ¶ 6 & Ex. B, Nadeau Tr. Ex. 5 (1/12/2023 Emails)[2].  According to Ms. Nadeau's counsel, she had an upcoming surgery scheduled and had been placed on bedrest.  Nicholson Decl. Ex. B, Nadeau Tr. Ex. 5.

Experian offered to reschedule the deposition (again, subject to Court approval) on the condition that it be reimbursed for the court reporting and travel costs it would incur in moving the deposition at the last minute for a second time.  Nicholson Decl. ¶ 6 & Ex. B, Nadeau Tr. Ex. 5.  Plaintiff's counsel declined this offer.  Although Ms. Nadeau fully "underst[ood] her obligations per the rules and the Court['s January 9] order," she did not appear at the deposition on January 13, nor did she ask the Court for relief from Experian's subpoena.  Nicholson Decl. Ex. B, Nadeau Tr. 5-6 & Ex. 5.

Experian now requests that the Court enter an order requiring Plaintiff and his counsel to show cause why they should not be sanctioned for frivolously designating Ms. Nadeau as a witness and granting Experian the costs and expenses it incurred in attempting to take Ms. Nadeau's deposition, including wasted time and expense in traveling to Minneapolis and of bringing this motion.

## LEGAL STANDARD

The Court may sanction a party for failing to comply with a discovery order or for failing to disclose information or identify a witness, including by paying reasonable expenses, including attorney's fees, caused by the failure.  Fed. R. Civ. P. 37(b)-(c).  An attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

---

[2] The January 13, 2023 transcript of Ms. Nadeau's nonappearance is attached as Exhibit B to the declaration supporting this motion, inclusive of deposition exhibits 1-6.  *See* Nicholson Decl. Ex. B.

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## ARGUMENT

### A.    The Court Should Require Plaintiff and/or His Counsel to Show Cause Why They Should Not Be Required to Pay Costs and Expenses Incurred in Attempting to Take Ms. Nadeau's Deposition.

Plaintiff identified Ms. Nadeau as a fact witness on November 3, 2022, two months before the close of fact discovery. Experian diligently sought to take Ms. Nadeau's deposition, and it worked with Ms. Nadeau to identify a mutually agreeable date and time to do so. Despite this, Ms. Nadeau failed to make herself available for a deposition on either of the two dates she agreed to. On the eve of her December 16 deposition, she threatened to move for a protective order if Experian did not agree to reschedule. The parties agreed to reschedule Ms. Nadeau's deposition to her proposed date of January 13, 2023. Yet although she fully "underst[ood] her obligations per the rules and the Court order" that the parties adhere to the January 13 date, she neither appeared for the deposition nor sought relief from Experian's subpoena. Nicholson Decl. Ex. B, Nadeau Tr. 5-6 & Ex. 5.

Experian expended substantial time and resources attempting to take Ms. Nadeau's deposition. It incurred $473.15 in court reporting costs for the postponed deposition and in taking Ms. Nadeau's nonappearance as well as airfare and lodging costs totaling $949.27, among other expenses. Despite this, Experian has no more knowledge of Ms. Nadeau's testimony today than it did at the time Plaintiff identified her as a witness.

Experian's outlay of resources is particularly vexing because, as her counsel has now acknowledged, she should not have been identified as a witness in the first place, either in this case or the nearly two dozen other credit-reporting cases where they have identified her as a fact witness. Ms. Nadeau certainly has no knowledge of Mr. Parker or his case against Experian. As

Plaintiff testified, he is unsure who Ms. Nadeau is or why he had identified her as a witness in this lawsuit six weeks earlier.  Nicholson Decl. Ex. C, Parker Tr. 174:17-175:3; 321:17-322:22.  This is especially notable because Ms. Nadeau is the *only* individual Plaintiff identified as a witness who is not a party to the case.  Nicholson Decl. Ex. A, Supplemental Rule 26 Disclosure.

Plaintiff's belated revelation that Ms. Nadeau should not have been disclosed as a witness because she is only being called in rebuttal—a revelation that came only after Experian took Ms. Nadeau's non-appearance and notified Plaintiff that it intended to move to strike Ms. Nadeau—underscores the frivolous nature of Plaintiff's disclosure.  Nicholson Decl. Ex. D, February 9, 2023 Email.  Nor would Ms. Nadeau be competent to provide the rebuttal testimony she seeks to offer. Plaintiff claims Ms. Nadeau is "being used to rebut the claim by Experian that if the Plaintiff would have disputed, Experian would have changed the reporting as a matter of policy."  Nicholson Decl. Ex. D, February 9, 2023 Email.  Yet Ms. Nadeau is not competent to offer rebuttal testimony on this point.  Even if Experian had made the "claim" Plaintiff describes, Ms. Nadeau lacks personal knowledge of Experian's dispute policies and lacks personal knowledge of what happens when a consumer disputes an open, pre-bankruptcy debt as discharged in bankruptcy.  As described above, the account Ms. Nadeau disputed was not the account she sued over.  Whatever testimony Ms. Nadeau might have to offer regarding her experience in mistakenly disputing the wrong account with Experian has no possible bearing on this case.

Based on the foregoing, Experian requests that the Court require Plaintiff and/or his attorneys to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 37(b)(2)(C) for failing to comply with the Court's January 9 order that the parties "adhere to" the January 13 deadline for Ms. Nadeau's deposition, or, in the alternative, under Rule 37(c)(1)(A) for frivolously designating Ms. Nadeau as a witness when she lacks knowledge relevant to this case.

6

As a sanction, Experian requests that the Court require Plaintiff and/or his attorneys to pay the court reporting and travel costs needlessly incurred by Experian in attempting to take Ms. Nadeau's deposition and Experian's fees in preparing this motion.

In the alternative, Experian requests that the Court require Plaintiff's attorneys to reimburse Experian for those costs, fees, and expenses under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings through the frivolous designation of Ms. Nadeau as a witness in this case. 28 U.S.C. § 1927. As Mr. Parker confirmed at his deposition, he does not even know who Ms. Nadeau is and "presume[s]" that his attorney disclosed information about Ms. Nadeau in this case "for the right reason." Nicholson Decl. Ex. C, Parker Tr. 174:17-175:3; 321:17-322:22. And this is only one of no fewer than 23 cases in which FCRA litigants represented by Plaintiff's counsel have designated Ms. Nadeau as a fact witness in cases she similarly has no discernible connection to. Nicholson Decl. ¶ 7. Again, the frivolous designation of Ms. Nadeau as a fact witness in this case has caused Experian to spend time and resources fruitlessly chasing her testimony and has now necessitated the present motion, which is precisely the type of unreasonable and vexatious conduct 28 U.S.C. § 1927 is meant to guard against. *See E.E.O.C. v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 657 (W.D. Wash. 2012) (granting sanctions under 28 U.S.C. § 1927 where counsel presented phone records to the court with fallacious argument that they were relevant).

<u>**CONCLUSION**</u>

Experian respectfully requests that the Court enter an order requiring Plaintiff and his attorneys to show cause why they should not be sanctioned and required to pay the costs and expenses Experian needlessly incurred in seeking to depose Ms. Nadeau and bringing this motion.

Dated: February 22, 2023                    Respectfully submitted,


                                            /s/ Eric A. Nicholson
                                            ────────────────────────────
                                            Shea F. Spreyer (6335869)
                                            sfspreyer@jonesday.com
                                            JONES DAY
                                            110 North Wacker Drive
                                            Suite 4800
                                            Chicago, IL  60606
                                            Telephone:      +1.312.782.3939
                                            Facsimile:      +1.312.782.8585

                                            Eric A. Nicholson
                                            eanicholson@jonesday.com
                                            JONES DAY
                                            150 West Jefferson, Suite 2100
                                            Detroit, MI 48226
                                            Telephone:      +1.313.230-7927
                                            Facsimile:      +1.313.230-7997

                                            *Counsel for Defendant,*
                                            *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 22, 2023, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Eric A. Nicholson*

*Counsel for Experian Information Solutions, Inc.*